IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-00186-REB-BNB

JOSE LUIS HUERTA,

        Applicant,

v.

DOUGLAS MAURER, Director, CIS;
ALBERTO GONZALES, U.S. Attorney General, & District Director, ICE, & Department
of Homeland Security,

        Respondents.

## ORDER FOR ADDITIONAL BRIEFING

**Blackburn, J**

    This matter is before me on the following: 1) applicant's **Petition for Writ of Habeas Corpus** [#1]; 2) applicant's **Petition for Issuance of an Emergency Temporary Restraining Order** [#2], both filed January 25, 2007; and 3) respondents' **Response to Motion for Temporary Restraining Order and Motion to Dismiss** [#3], filed January 26, 2007.

    The applicant alleges that he is subject to an order of removal, which order is based on the conclusion that the applicant is a citizen of Mexico. The applicant alleges also that he is a citizen of the United States and describes various proceedings that have occurred concerning the dispute about the applicant's citizenship. The applicant alleges, *inter alia*, that execution of the removal order would violate his constitutional rights by effectively stripping him of his United States citizenship.

The respondents argue that this court does not have jurisdiction over this case because 8 U.S.C. § 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from a decision or action by the Attorney General [now the Department of Homeland Security] to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." I note, however, that § 1252 includes some exceptions to its otherwise sweeping limitations on the jurisdiction of the district courts. Notably, § 1252(e)(2) provides that judicial review of a removal order "is available in habeas corpus proceedings, but shall be limited to determinations of – (A) whether the petitioner is an alien," and other issues not relevant here.

After preliminary consideration of the applicant's petition for writ of habeas corpus, the respondents' response, and the applicable law, I find that further briefing from the parties is necessary to determine: 1) whether this court has jurisdiction over the applicant's petition, and the precise basis or bases for such jurisdiction; 2) assuming this court does have jurisdiction over this case, the nature of the proceedings that should be conducted to resolve the issues raised in the petition; and 3) assuming this court does have jurisdiction over this case, whether that jurisdiction includes jurisdiction to determine whether the applicant should be admitted to bail by the respondents.

I note that 28 U.S.C. § 2243 requires that when a "writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed." The respondents' response, filed today, constitutes a return. Applying § 2243 and the time computation provisions of Fed. R. Civ. P. 6, a hearing must be held on or before February 2, 2006, unless there is good cause to

2

allow additional time.  Having considered the record in this case, I conclude that there is good cause to allow additional time for the parties to brief the issues listed above before holding a hearing.

**THEREFORE IT IS ORDERED** as follows:

1. That on or before Friday, February 2, 2007, the applicant, Jose Luis Huerta, **SHALL FILE** a brief addressing in detail the three issues listed on page two (2) of this order; and

2. That on or before Friday, February 9, 2007, the respondents **SHALL FILE** a response brief addressing in detail the same issues; and

3. That the applicant, Jose Luis Huerta,  **SHALL REMAIN IN CUSTODY AND WITHIN THE JURISDICTION OF THIS COURT** until further order.

Dated January 26, 2007, at Denver, Colorado.

**BY THE COURT:**

s/ Robert E. Blackburn
**Robert E. Blackburn
United States District Judge**